**\*\*NOT FOR PRINTED PUBLICATION\*\***

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT EDWIN JACOBSEN, | § | |
| | § | |
| *Debtor-Appellant*, | § | CIVIL ACTION No. 4-11-cv-822 |
| | § | |
| v. | § | |
| | § | U.S. Bankruptcy Court Case No. 07-41092 |
| JOHN SRAMEK and BERNADETTE D. | § | and Adversary No. 08-04048 |
| SRAMEK, individually and as Trustees of the | § | |
| John Sramek, Jr. and Bernadette D. Sramek | § | |
| Revocable Living Trust | § | |
| | § | |
| *Plaintiffs-Appellee*s, | | |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Appellant, Robert Edwin Jacobsen, appeals an order by the bankruptcy court entering

final monetary judgment on an allowed claim on the grounds that the bankruptcy court lacked

authority to enter final judgment on a claim based upon state law. The court finds no error in the

bankruptcy court's rulings, and the judgment of the bankruptcy court is therefore affirmed.

## I. BACKGROUND

On May 25, 2007, Jacobsen filed a voluntary Chapter 13 bankruptcy, which was later

converted to a Chapter 7 bankruptcy[1].  In his bankruptcy schedules, Jacobsen listed Appellees

John and Bernadette Sramek ("the Srameks") as holding an unsecured claim of $1,627,536.38

---

[1]*See In re Jacobsen*, 609 F.3d 647 (5th Cir. 2010)(affirming the bankruptcy court's
conversion of the Chapter 13 case to a Chapter 7 case and denial of debtor's motion to
voluntarily dismiss based on the debtor's bad faith conduct).

relating to real estate fraud. On September 10, 2007, the Srameks filed a proof of claim in the amount of $1,735,208.20. The Srameks attached four documents to their proof of claim, including an order from the California state court granting summary judgment on their breach of contract claim against Jacobsen and his company REJ properties in the amount of $1,627,536.68 plus interest accruing at the rate of $410.96 per day from and after October 31, 2006. Jacobsen objected to the allowance of Sramek's claim, but the bankruptcy court overruled the objection, which the Fifth Circuit affirmed. *See In re Jacobsen*, 2010 WL 271419 (5th Cir. Jan. 25, 2010).

On February 26, 2009, the Srameks timely filed a complaint objecting to Jacobsen's discharge under Sections 523(a)(2) and 727 of the Bankruptcy Code, and requesting that judgment be entered in favor of Plaintiffs in the sum of $1,626,536.68 plus interest. [Adv. Proc. Doc. # 1]. After numerous requests for continuances, a trial began on the dischargeability of Jacobsen's debts on May 31, 2011. Prior to conclusion of such trial, Jacobsen announced on the record that he was waiving his discharge under Section 727(a)(10) of the United States Bankruptcy Code and, thereafter filed a written waiver of discharge in his Chapter 7 bankruptcy case, which was approved by the court on the record. [*See* Adv. Proc. Doc. # 89; *see also* Bank Case Doc. # 758].

Based on the waiver, the bankruptcy court found the Srameks' objections to the dischargeability of Jacobsen's debts moot, and ordered the Srameks to serve a motion or other pleading in the adversary pleading within twenty-one days, requesting entry of judgment on the Srameks' allowed claim. *Id.* The Srameks timely filed a motion for entry of judgment [Adv. Proc. Doc. # 91], to which Jacobsen objected arguing that final judgment was inappropriate because the Srameks had not proven their Section 523(a) claim by a preponderance of the

evidence and because the amount of damages is strictly a state law issue. [*Id*. Doc. # 93]. The bankruptcy court overruled Jacobsen's objections [Doc. # 96] and entered final judgment against Jacobsen on account of the claims asserted in the Srameks proof of claim in the amount of $1,735,208.20, prejudgment and postjudgment interest, and cost of court. [Doc. # 97]. Jacobsen now appeals the bankruptcy court's entry of final judgment on the grounds it lacked authority to enter final judgment in this case.

## II. ISSUE PRESENTED

Appellant Jacobsen raises two issues on appeal: (1) whether the bankruptcy court lacked subject matter jurisdiction to enter a final monetary judgment in a dischargeability proceeding based an allowed claim arising from a state court summary judgment; and (2) whether Jacobsen's waiver of discharge under Section 727(a)(10) was effective such that the Srameks did not have to prove the debt was non-dischargeable under Section 523 before the court entered final monetary judgment?

## III. STANDARD OF REVIEW

District courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *In re National Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

## IV. DISCUSSION

### 1. General Principles of Bankruptcy Subject Matter Jurisdiction

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *In re Morrison*, 555 F.3d 473, 478 (5th Cir. 2009)(citing *Celotex*

*Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493 (1995). With certain exceptions not

relevant here, federal district courts have original and exclusive jurisdiction as to Title 11 cases

themselves[2] and property of the estate and original, but not exclusive jurisdiction over civil

proceedings "arising under" Title 11, "arising in" Title 11, or "related to" cases under Title 11.

11 U.S.C. § 1334(a), (b). Bankruptcy courts are units of the district courts and as such, district

courts may refer most of that jurisdiction to the bankruptcy court. 28 U.S.C. § 151; 28 U.S.C. §

157(a). All district courts have availed itself of this power and referred the administration of

Title 11 cases to the bankruptcy courts. *See e.g.* Eastern Dist. of Tex., GO-84-14.

Despite this broad referral power, the jurisdictional reach of bankruptcy courts is limited.

The manner in which a bankruptcy judge may act in a referred matter depends on the type of

proceeding involved. Bankruptcy courts may hear and enter final judgments in "core

proceedings" in a bankruptcy case while they may only submit proposed findings of fact and

conclusions of law to the district court in "non-core proceedings". 28 U.S.C. § 157(b)(1), (c)(1).

"Core proceedings" are those that "invoke[] a substantive right provided by title 11 or if it is a

proceeding that, by its nature, could arise only in the context of a bankruptcy case" and include

16 different types of matters including the allowance or disallowance of claims against the estate

as well as determinations as to the dischargeability of particular debts. *Wood v. Wood*, 825 F.2d

90, 97 (5th Cir. 1987); 28 U.S.C. § 157(b)(2)(B), (I). "Non-core proceedings" are cases "related

to" the bankruptcy case, which "could *conceivably* have any effect on the estate being

administered in bankruptcy." *Id.* at 93(citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.

1984)(emphasis in original).

---

[2]This category refers to the bankruptcy petition itself. *Wood v. Wood* (*In re Wood*), 825
F.2d 90, 92 (5th Cir. 1987).

Although determining whether a debt is nondischargeable is a "core proceeding" governed by a specific provision of the Bankruptcy Code, the rendition of a monetary judgment in favor of the creditor on that debt is not a "core proceeding". *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009). Neither, however, is entering a final judgment on that debt "related to" the bankruptcy case or administration of the debtor's estate. *Id*. Indeed, as the Fifth Circuit noted, such an action has "no bearing on the bankruptcy case because it requires the debtor to pay a single debt outside of, apart from, and even after the completion of bankruptcy." Nevertheless, the Fifth Circuit has specifically held that a bankruptcy court has jurisdiction to liquidate a debt and enter a monetary judgment against the debtor because "litigation necessary to prove nondischargeability also proves the basis for and amount of the debt." *Id.*

## 2. The Bankruptcy Court had Jurisdiction to enter Final Judgment

Jacobsen asserts that the bankruptcy court did not have jurisdiction to enter final judgment in his case because the Srameks' claim is based on an unresolved California state court lawsuit and, pursuant to *Stern v. Marshall*, "assignment of state law claims for resolution by [bankruptcy] judges violates Art. III of the Constitution". [*See* Appellant's Reply Brief, Doc. # 12 at 8]. Jacobsen further argues that under *Stern*, he is entitled to a California state jury to determine his liability and damages as to the Srameks' claims. Jacobsen wholly misinterprets *Stern*.

A bankruptcy court has jurisdiction to liquidate a debt and enter a monetary judgment against the debtor. *Morrison*, 555 F.3d at 479. The United State Supreme Court's holding in *Stern v. Marshall*, does not affect that holding. *See e.g. In re Carroll*, 464 B.R. 293, 312-13 (N.D. Tex. 2011)("*Stern* does not hold, directly or indirectly, that an Article I tribunal is without Constitutional authority to liquidate a creditor's claim against a debtor through entry of a final

dollar judgment and then determine whether that judgment is dischargeable in the debtor's bankruptcy case"); *see also In re Boricich*, 2011 WL 5579062 *at 1(N.D. Ill. Nov. 15, 2011).

In *Stern v. Marshall*, the United States Supreme Court provided an extensive analysis of Article III of the Constitution and limited the authority of bankruptcy judges. –U.S.–, 131 S. Ct. 2594 (2011). Specifically, the Court held that Congress had unconstitutionally assigned the "judicial power of the United States" to non-Article III bankruptcy judges when enacting 28 U.S.C. § 157(b)(2)(C).[3] Thus, according to *Stern*, a final judgment issued by a bankruptcy judge on a state law tort counterclaim, defined as a "core proceeding" under Section 157(b)(2)(C), violates separation of powers principles. *Stern* does not limit a bankruptcy court's authority to issue final determinations in other core proceedings listed in 28 U.S.C § 157 nor does *Stern* hold that only state court judges may make findings of liability and damages on claims made in bankruptcy arising out of debts recognized by state law.

Pursuant to *In re Morrison*, 555 F.3d at 479, the bankruptcy court had the authority to liquidate the Srameks' allowed claim before entering final judgment even though the merits of the claim would need to be determined by application of state law. *See First City Beaumont v. Durkay* (*In re Ford*), 967 F.2d 1047, 1050 & n. 6 (5th Cir. 1992)(en banc)(stating that state law is the appropriate law for determining the validity of an underlying claim in bankruptcy). In this case, however, the bankruptcy court did not liquidate the Srameks' claim. Rather, liquidation was conducted exclusively by the California state court in the order granting the Srameks summary judgment on their breach of contract claim. While Jacobsen objects to this amount as an improper measure of damages, the Srameks' claim was already allowed by the bankruptcy

---

[3]28 U.S.C. § 157(b)(2)(C) provides that counterclaims asserted by the state against persons filing clams against the estate constitutes a "core proceeding".

court, a ruling which was affirmed by the Fifth Circuit. *See In re Jacobsen*, 2010 WL 271419 (5th Cir. Jan. 25, 2010).

**3. Waiver of Discharge**

Jacobsen next complains that entry of final judgment was inappropriate in this case because the Srameks never met their burden of proving the debt was non-dischargeable under Section 523(a)(2). Section 727 of the Bankruptcy Code provides that a bankruptcy court shall grant the debtor a discharge unless certain conditions apply, including if "the court approves a written waiver of discharge executed by the debtor". 11 U.S.C. § 727(a)(10). Jacobsen agreed to waive his right to discharge all his debts under Section 727 both orally on the record and in writing. [*See* Bank Case Doc. # 758; *see also* Adv. Proc. Doc. #103-2 at 34-40, Tr. of June 2, 2011 hearing]. The bankruptcy court ensured that Jacobsen consulted with counsel before he agreed to waive his right to discharge and carefully explained that effect of Jacobsen's waiver. [*See* Adv. Proc. Doc. # 103-2 at p. 35 ll. 1-5; p. 38 ll. 24-25; Doc. # 103-3 at p. 1]. The court finds that Jacobsen's waiver was voluntary and intentional and thus is effective.

Because Jacobsen agreed to waive his right to discharge all of his debts under Section 727, the Srameks were not required to prove their allowed claim was non-dischargeable under Section 523(a)(2). As the bankruptcy court correctly noted, Jacobsen's waiver of his right to a discharge in bankruptcy mooted the Srameks objections to discharge and dischargeability. [Adv. Proc. Doc. # 89 at 2]. Accordingly, the court finds that the bankruptcy court's entry of final judgment in the adversary proceeding was appropriate.

### III. CONCLUSION

The bankruptcy court had authority to enter final monetary judgment in a dischargeability proceeding based an allowed claim arising from a state court summary judgment. Accordingly, it is **ORDERED** that the bankruptcy court's October 28, 2011 Final Judgment is hereby **AFFIRMED**.

So **ORDERED** and **SIGNED** this **25** day of **February, 2013.**

_____
Ron Clark, United States District Judge